**Ranjit SINGH, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney**

General,[1] Respondent.

No. 07–5140–ag.

United States Court of Appeals,
Second Circuit.

July 28, 2008.

Hector M. Roman, Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant, Attorney General, Civil Division, M. Jocelyn Lopez Wright, Assistant Director, Andrew B. Insenga, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. B.D. PARKER, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Ranjit Singh, a native and citizen of India, seeks review of a November 7, 2007 order of the BIA denying his motion to reopen his removal proceedings. *In re Ranjit Singh,* No. A76 728 530 (B.I.A. Nov. 7, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found … where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

As an initial matter, the Government properly argues that our review is limited

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

to the BIA's denial of Singh's motion to reopen. *See id.* at 89–90 (where an individual files a timely petition from the denial of a motion, but not from the underlying affirmance of the removal order, the Court may review only the denial of the motion). Accordingly, we do not consider Singh's arguments regarding the merits of the agency's denial of relief in his underlying proceeding.

The Immigration and Nationality Act ("INA") provides that an individual must file a motion to reopen within ninety days of the issuance of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). This limitation, however, does not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal "based on changed country conditions arising in the country of nationality or in the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here, it is undisputed that Singh's motion was untimely, as it was filed almost two years after the BIA issued its decision affirming the IJ's denial of relief. *See* 8 C.F.R. § 1003.2(c)(2).

We conclude that the BIA did not abuse its discretion in finding that Singh failed to show an exception to the filing deadline for motions to reopen based on changed country conditions, in light of the adverse credibility determination that remains unchallenged in his case. We have recognized that "an applicant may prevail on a theory of future persecution despite an IJ's adverse credibility ruling as to past persecution, so long as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible." *Paul v. Gon-*zales, 444 F.3d 148, 154 (2d Cir.2006) (emphasis omitted). However, the agency may properly deny a motion to reopen where the movant fails to overcome the adverse credibility finding that was the basis for the IJ's denial of the underlying asylum application. *See Kaur,* 413 F.3d at 234.

Here, despite his arguments to the contrary, Singh's claim of future persecution rests on the same factual predicate that the IJ found not to be credible. He continues to assert that he was an active member of the All India Sikh Student Federation ("AISSF"), that he was "tortured, arrested and harassed by the police" because of that membership, and that the police still seek his arrest. However, the IJ found that Singh was not credible in presenting that claim in the first instance, expressing reasonable concern regarding his true identity. It was proper in the circumstances of this case for the BIA to give little, if any, weight to the affidavits that Singh submitted alleging that the Indian government recently raided his father's home and arrested his father in their attempts to find Singh, because they "do not resolve the significant credibility issues which were addressed by the Immigration Judge in her decision, and which resulted in the adverse credibility finding." *See id.* Because Singh alleges no other basis for his fear of persecution by the Indian authorities, the adverse credibility finding rendered in his underlying proceeding precludes success on his motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is

DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).